**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

| | | |
|---|---|---|
| POTTERS HOUSE FELLOWSHIP BAPTIST CHURCH | * * * | PLAINTIFF |
| v. | * * | Civil Action No. 3:06-cv-154 HTW-LRA |
| RON MATTHEWS CONSTRUCTION, INC., and JOHN DOES 1-5 | * * * * | DEFENDANTS |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO**
**INTERVENOR CENTURY SURETY COMPANY'S**
**MOTION FOR SUMMARY JUDGMENT**

This cause came before the court on Century Surety Company's ("Century") Motion for Summary Judgment, said motion being filed pursuant to Rule 56(c),[1] Federal Rule of Civil Procedure.  Century seeks summary judgment and a declaration that it has no duty to defend or indemnify any defendant in connection with the underlying claim being made by plaintiff Potters House Fellowship Baptist Church ("Potters House").  Persuaded by the motion, the court sets out its reasons below.

---

[1] Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

1

## **JURISDICTION**

This court has subject matter jurisdiction over this dispute pursuant to diversity of citizenship, Title 28 U.S.C. § 1332.[2]  Accordingly, this court applies the substantive law of the State of Mississippi to this dispute.  *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## **FINDINGS OF FACT**

1.      Potters House Fellowship Baptist Church ("Potters House") contracted with Ron Matthews Construction, Inc. ("Matthews") in March 2005 for the construction of a new church. (D.E. 17, p.1).

2.      Potters House now has sued Matthews in connection with that contract, alleging among other things that Matthews forged the architect's signature in order to obtain a progress payment, that Matthews was paid for work not performed, that Matthews did not pay certain subcontractors for their work, and that Matthews was unjustly enriched in keeping money owed to subcontractors.  *Id.,* p.1-3.  This misconduct, says Potters House, entitles it to damages under theories of negligence, gross negligence, and breach of contract.  (D.E. 1-1).  For recompense, Potters House seeks substantial damages, including interest on its construction loan, due to Matthews' failure to perform certain obligations under the contract.  (D.E. 1-1, ¶¶ 7, 9).

---

[2]Title 28 U.S.C. § 1332 provides in pertinent part:

>   (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
>       (1)  citizens of different States; ...

2

3.	During the relevant time period, Matthews was insured by Century under a Contractors Limited Claims Made General Liability Coverage Form.  (D.E. 16, ex. B).

4.	The Century policy provides coverage for "bodily injury" or "property damage" caused by an "occurrence" that arises out of "specifically covered operations." The term "property damage" is defined as physical damage to tangible property, or loss of use of property that is not physically damaged.  The term "occurrence" is defined in relevant part as an "accident."  *Id.,* pp. 1, 16, 17.  The term "specifically covered operations" is defined as meaning only work or operations… that are specifically described and listed on the Specifically Covered Operations Endorsement (form CGL 1810).  *Id.,* p. 17.

5.	The Specifically Covered Operations Endorsement (form CGL 1810) scheduled only one type of "specifically covered operations," namely, "Residential General Contractor."  (D.E.16, ex. B).

6.  The Century policy excludes coverage for "property damage" (which includes loss of use) arising out of a delay or failure by the insured to perform a contract or agreement in accordance with its terms.  *Id.,* p.4.

## **SUMMARY JUDGMENT**

Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Evans v. City of Marlin, Texas*, 986 F.2d 104 (5th Cir.1993). So, then, pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is mandated in any case where either a party fails to establish the existence of an element

3

essential to the case and on which that party has the burden of proof, *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), or if the evidence favoring the non-moving party is insufficient for a jury to enter a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).  In reviewing the propriety of summary judgment, this court must look to the pleadings, depositions, admissions and answers to interrogatories, as well as affidavits to determine whether a genuine issue of material fact exists.  *Evans*, 986 F.2d at 107. When the moving party has carried the Rule 56(c) burden, the opposing party must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment. *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To that end, the court must resolve all reasonable doubts about the existence of a genuine issue of material fact against the movant.  *Byrd v.Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir.1982).

## CONCLUSIONS OF LAW

1.   As earlier stated, this court applies the substantive law of Mississippi to this dispute.  The parties agree.

2.   Under Mississippi law, the duty to defend is determined by comparing the four corners of the underlying complaint to the four corners of the insurance policy. *Moeller v. American Guaranty & Liability Insurance Company,* 707 So. 2d 1062 (Miss. 1996).  Under the circumstances, no discovery is necessary to resolve this dispute. Further, the construction of an insurance contract is a matter of law for the Court.  *No.*

*American Co. for Life & Health Ins. Co. v. Lewis,* 2008 WL 227329 (S.D. Miss. Jan. 24, 2008).

  3. Potters House has conceded that the construction of its church does not fall within the coverage limitation that limited coverage to residential construction. The court could grant summary judgment in favor of Century on that basis alone. The endorsement is clear and unambiguous.

  4. In addition, the court agrees with Century that the Potters House complaint does not allege "bodily injury." Under Mississippi law, Potters House's allegations of mental anguish did not constitute allegations of "bodily injury," as that term is construed in general liability policies. *Lincoln County School Dist. v. Doe*, 749 So. 2d 943, 944-45 (Miss. 1999). Further, entities such as Potters House cannot suffer "mental anguish."

  5. The court also is persuaded that Potters House has not alleged "property damage." No physical damage is alleged in the underlying complaint. Potters House alleges that it has suffered the loss of use of its church because of Matthews's delay or failure in performing under the contract. Century argues that Potters House could not suffer a "loss of use" because the church had never been put to its intended use. Moreover, even assuming *arguendo* that "loss of use" has been alleged in the underlying complaint, Century contends that such "loss of use" is expressly excluded by the impaired property exclusion. In the court's opinion, Century has the better argument.

6. In addition, Century argues that even assuming allegations of injury or damage, Potters House has failed to allege an "occurrence," which is defined as an "accident." The court agrees that the Potters House complaint does not allege any accidental, i.e., fortuitous, injury or damage.

7. For all the above reasons, this court concludes that the Potters House complaint does not allege any facts that potentially could implicate the insuring agreement in the Century policy. The claim does not fall within the coverage limitation of the endorsement. Further, the claim does not allege any covered, non-excluded injury or damage. Therefore, this court is persuaded that Century has no duty to defend any defendant against Potters House's allegations.

8. Because the duty to defend is broader than the duty to indemnify, where no duty to defend exists, no duty to indemnify exists. Accordingly, this court finds that Century is entitled to summary judgment on both the duty to defend and the duty to indemnify.

## **CONCLUSION**

This court, after reviewing the Motion, hearing oral argument, and having been otherwise advised in the premises, finds that it is:

**ORDERED AND ADJUDGED** that Intervenor Century Surety Company's Motion for Summary Judgment is **GRANTED.**

**DONE AND ORDERED** in Jackson, Mississippi, this 31st day of March 2008.

s/ HENRY T. WINGATE

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:06-cv-154 HTW-LRA
6